UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

RUSSO, JOSEPH JOHN,
RUSSO, WILLODEAN,

        Debtors.

_____/

Case No. 07-40525-wsd

Chapter 7

Hon. Walter Shapero

## OPINION GRANTING DEBTORS' MOTION FOR ORDER CONFIRMING ABANDONMENT

Before the Court is the Debtors' *Motion for Order Confirming Abandonment*, Docket No. 24. The parties briefed the issue and a hearing was held June 19, 2008. At the conclusion of the hearing, the Court took the matter under advisement with this Opinion to follow.

For the reasons set forth below, Debtors' motion is GRANTED.

### I.

The debtors, John and Willodean Russo, filed their voluntary chapter 7 petition on January 10, 2007. On line 21 of Schedule B, Debtors listed: "Potential interest in class action lawsuit regarding Guidant, attorney Bill Arnold, The Fox Law Firm, P.C., Dallas, Texas[.]" Debtors listed the value of their interest in the lawsuit as "unknown" and did not claim any portion of it as exempt. The lawsuit was similarly listed under item 4 in the Statement of Financial Affairs.

Gene R. Kohut was appointed Chapter 7 Trustee in the case. The section 341 meeting was held February 15, 2007. Kohut informs that he made numerous efforts to contact class action counsel in an attempt to gain information on the lawsuit, but was unsuccessful. He represents that this inability to obtain necessary information resulted in his "mistaken belief that the claim had no value to the estate." (Trustee's Response, p. 2). On March 9, 2007, Kohut filed

-1-

his Report of No Distribution. On April 18, 2007, a discharge order was entered and the bankruptcy case was closed.

In January 2008, Kohut received a letter from class action counsel advising of a possible settlement. The letter sought to confirm that the bankruptcy case had been closed and the estate's interest in the lawsuit abandoned. Through subsequent communications with counsel, Kohut learned that Willodean Russo stood to receive anywhere from $7,500.00 to $32,000.00 as part of a class settlement.

On April 24, 2008, the United States Trustee filed a motion to reopen the case. An order reopening the case and reappointing Kohut as Chapter 7 Trustee was entered April 26, 2008. The Debtors then brought the instant motion seeking an order confirming that the interest in the class action had been abandoned pursuant to § 554(c).

## **II.**

*a. Abandonment under § 554(c)*

Section 554(c) provides:

Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title

11 U.S.C. § 554(c). The automatic nature in which such abandonment occurs has caused it to be referred to as "technical abandonment." *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998). This is in contrast to abandonment under § 554(a) or (b), which require notice and a hearing.

For property to be abandoned under § 554(c), it must be properly scheduled pursuant to § 521(1) prior to the close of the case. *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991); *In re McCoy*, 139 B.R. 430, 432 (Bankr. S.D. Ohio 1991). It is not enough that the asset is brought to the trustee's attention; it must be included in the schedules. *McCoy*, 139 B.R. at 432 (citing *In re Harris*, 32 B.R. 125 (Bankr. S.D. Fla. 1983); *In re Bryson*, 53 B.R. 3 (Bankr. M.D. Tenn. 1985); *In re Schmid*, 54 B.R. 78 (Bankr. D. Or. 1985)). If the asset is

properly scheduled and is not administered by the trustee, and the court does not order otherwise – it is abandoned pursuant to § 554(c) when the case is closed.

### b. Revocation of § 554(c) Abandonment

Whether an abandonment under § 554(c) can be revoked, and if so, the manner in which such revocation is accomplished, is not a settled matter. At least four different approaches have been employed.

One view holds that after a case is reopened a court can revoke an abandonment under § 554(c) by virtue of the paragraph's prefatory language of "unless the court orders otherwise."[1] *See*, *e.g.*, *DeVore*, 223 B.R. at 198; *Neville v. Harris*, 192 B.R. 825, 832 (D.N.J. 1996) ("Although it is plausible that the prefatory language of Section 554(c) was meant only to apply to court orders issued prior to the close of a case … there is an absence of case law to suggest the prefatory language does not apply to orders issued, as here, after a case is closed."). Another view holds that the reopening of a case automatically revokes any technical abandonment. *Compass Bank for Sav. v. Billingham (In re Graves)*, 212 B.R. 692, 695 (B.A.P. 1st Cir. 1997) ("[W]hen a case is reopened, the original case is revived, effectively negating any technical abandonment under section 554(c)."). A third view holds that that abandonment under § 554(c) is irrevocable. *In re Hunter*, 76 B.R. 117, 120 (Bankr. S.D. Ohio 1987); *In re Atkinson*, 62 B.R. 678, 680 (Bankr. D. Nev. 1986). A fourth view holds that after a case has been reopened, an earlier abandonment can be revoked under appropriate circumstances via Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b). *Woods v. Kenan (In re Woods)*, 173 F.3d 770, 778 (10th Cir. 1999) ("While we agree with the many courts that have held that a bankruptcy court may, in appropriate circumstances, revoke a technical abandonment, we do so on the basis of Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)."); *In re Brinley*, 347 B.R. 613, 617 (Bankr. W.D. Ky.

---

[1] Courts have found appropriate circumstances to exercise this power to revoke technical abandonment to include:

> (1) where the trustee is given false or incomplete information about the asset by the debtor, (2) where the debtor fails to list the asset altogether, and (3) where the trustee's abandonment was the result of a mistake or inadvertence, and no undue prejudice will result from revocation of the abandonment.

*In re Gonzalez*, 302 B.R. 687, 691 (Bankr. C.D. Cal. 2003) (citing *DeVore*, 223 B.R. at 198).

2006) (adopts reasoning of *Woods*); *Olson v. Aegis Mortg. Corp. (In re Bloxsom)*, 2008 Bankr. LEXIS 1686, 2008 WL 2380952 (Bankr. W.D. Mich. May 30, 2008) (adopts reasoning of *Woods*).

The Court declines to follow the first view, that the "unless the court orders otherwise" language of § 554(c), in and of itself, allows a court to revoke a technical abandonment following the reopening of a case. As noted by the bankruptcy court in *Brinley*, whatever technical merit this view may have, "it is unappealing as it completely eviscerates the policy of finality." 347 B.R. at 617. Moreover, the presence of any technical merit in this approach is questionable. As the *Woods* court noted, a § 554(c) abandonment occurs at the time the case is closed if the court has not ordered otherwise; the statute does not say that the abandonment will remain in effect unless the court orders otherwise, nor does it say that the abandonment can be revoked upon the court ordering otherwise. 173 F.3d at 777. Accordingly, the court's ability to "order otherwise" would necessarily be limited to the period prior to the abandonment occurring.

The Court also declines to follow the second view, that the reopening of a bankruptcy case automatically revokes any § 554(c) abandonment. The soundness of the legal rationale underlying this view is not persuasive. As Judge Hughes recently explained in *Bloxsom*:

> Reopening a case under Section 350(b) is ministerial. While Section 350(b) is quite clear that a closed case must be reopened by court order before further activity may take place, the entry of such an order would still leave unaltered the prior order entered under Section 350(a) that had caused the case to be closed in the first place. Consequently, it stands to reason that the Section 554(c) abandonment occasioned by that prior closure order would also remain unaltered notwithstanding a subsequent order to reopen the case.

*In re Bloxsom*, 2008 Bankr. LEXIS 1686, 2008 WL 2380952, 5 (citations omitted). This approach is also unappealing because, similar to the first approach, it eviscerates the policy of finality in abandonment.

The Court is unable to adopt the third view, that an abandonment under § 554(c) is *per se* irrevocable. This approach is simply too broad. Under such an approach, an irrevocable abandonment may occur as the inadvertent consequence of a case being closed prematurely. *Woods*, 173 F.3d at 777.

-4-

The Court finds the fourth approach the most convincing. Once a case has been reopened, a § 554(c) abandonment can be revoked in appropriate circumstances pursuant to Fed. R. Civ. P. 60(b), as made applicable by Fed. R. Bankr. P. 9024. This revocation is accomplished by setting aside the closure order under Rule 60(b), which can be done for reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Setting aside the closure order requires a greater and/or different showing than the reopening of a case under § 350(b), which only requires some showing of "cause".

### III.

Here, the class action lawsuit was sufficiently scheduled under § 521(1) to be deemed abandoned at the close of the case by virtue of § 554(c).

The lawsuit having been abandoned, the question naturally arises whether the circumstances are such as to warrant setting aside the closure order under Rule 60(b). The Court is unable to reach this question at this time because the Trustee has not moved for relief under Rule 60(b). In the Sixth Circuit, a court may not *sua sponte* grant relief pursuant to Rule 60(b). *United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003). In his Response, the Trustee noted that pursuant to Rule 60(b), a court can vacate a prior order based upon "mistake, inadvertence, surprise or excusable neglect." (Trustee's Response, p. 3). However, since Trustee's mention of Rule 60(b) was made in the context of a response to Debtor's motion, and, since the required showing under that rule meaningfully differs from that under the Debtor's motion, the Court will not conclude that such is or should be considered to be the functional equivalent of a request for Rule 60(b) relief, and, thus will not rule on such.

The Debtors shall submit an order consistent with this Opinion.

**Signed on September 25, 2008**

/s/ Walter Shapero
**Walter Shapero
United States Bankruptcy Judge**